UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:04CV69-R

WESTFIELD INSURANCE COMPANY                                                                PLAINTIFF

v.

DAN "K" SERVICE CO., ET AL                                                                DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the Court on Plaintiff Westfield Insurance Company's ("Westfield") Motion for Summary Judgment (Docket #11) based upon a declaratory judgment action over an insurance policy. The Defendants, Dan "K" Services, Et Al ("Dan K"), have responded (Docket #12), and Westfield has replied to their response (Docket #13). This matter is now ripe for adjudication. For the following reasons, the Plaintiff's motion is **GRANTED**.

**BACKGROUND**

This case concerns what coverage, if any, the insured, Dan K, is entitled under a policy provided to the Defendants by Westfield. Dan K is a heating and air-conditioning installation and repair service business located in Owensboro, Kentucky. Dan K also does home inspections for new home purchasers. A new homeowner, Dottie Brumley ("Brumley"), purchased a new home in Davies County, Kentucky. Prior to the closing, her realtor, Caldwell Banker, asked that the Defendants come to inspect her home on two occasions. Dan K came to the house and signed certification documents indicating that the home had passed the inspection, though Dan K denies that he did a "full" inspection as described by the documents . Following the closing of her property Brumley discovered plumbing problems and received a "Notice to Abate Nuisance" because of sewage drainage. Brumley promptly brought a suit against Dan K alleging "fraud" and "breach of contract."

At the time of the alleged incident Dan K was insured by Westfield under a Commercial Insurance Policy ("Policy"), No. CWP 356 02 26. Dan K argues that the Policy covers the alleged incident, and that the Policy requires Westfield to cover the claims asserted against them by Brumley through indemnification and defending them. Westfield contends that the fraud claim is not covered by the Policy because it is an intentional tort, and claims that the breach of contract claim is not covered because any liability relating to the contract is not covered under the Policy. Brumley has also asked for punitive damages against Dan K, which Westfield denies under the terms of the Policy.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case." *Hartsel v. Keys,* 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of the evidence. To support his position, he must present evidence on which the trier of fact could find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52

(1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Systems Corp.,* 90 F. 3d 1173, 1177 (6th Cir. 1996). Finally, while Kentucky state law is applicable to this case pursuant to *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), a federal court in a diversity action applies the standards of Fed. R. Civ. P. 56, not "Kentucky's summary judgment standard as expressed in *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, Ky., 807 S.W.2d 476 (1991)." *Gafford v. General Electric Co.*, 997 F.2d 150, 165 (6th Cir. 1993).

## DISCUSSION

The Court will examine the Policy and the case law of each claim argued by the parties. The Court will address each claim separately.

### *Property Damage*

In both the fraud and breach of contract/negligence claims, coverage under the Policy depends on whether or not Brumley suffered "property damage" as defined by the Policy. The Policy, in Section I, Coverage A, Part 1(b)(1), also states that the insurance applies to "bodily injury" or "property damage" only if the damage "is caused by an 'occurrence' that takes place in the 'coverage territory.'" In Section V "Definitions," occurrence can mean "an accident."

The Plaintiff has offered the Court decisions defining "property damage," with Westfield arguing that Dan K did not directly cause the property damage. In the similar case of *Assurance Company of America v. Dusel Builders Inc.*, the Western District of Kentucky determined that "property damage" is recognized under an insurance policy when the insured "causes" tangible

3

physical damage to the property through his/her own actions, not when the insured fails to do his/her duty. *Assurance Company of America v. Dusel Builders Inc.*, 78 F.Supp.2d 607, 609 (W.D.Ky. 1999). Other Courts in our sister circuits have held that "property damage" to tangible property in a general insurance policy does not include financial injury that comes from a negligent inspection and/or faulty workmanship. *Esicorp, Inc. v. Liberty Mut. Ins. Co.*, 266 F.3d 859, 862-63 (8th Cir. 2001)(in applying Missouri law the Court held that there was no "property damage" under the insurance policy when pipe sections bursted after the party's negligent inspection); *Dewitt Const. Inc. v. Charter Oak Fire Ins. Co.*, 307 F.3d 1127, 1133-34 (9th Cir. 2002)(holding that under Washington law faulty workmanship does not give rise to property damage, unless there is property damage caused by the party separate from the defective item itself).

Here, Brumley does not allege that her house was directly damaged by Dan K, but instead claims that Dan K's inducement from his faulty inspection caused her to purchase her home. The complaint does not allege property damage against Dan K in any capacity. As such, the Policy excludes the property damage sustained by Brumley to her home for purposes of the Policy. This conclusion makes further analysis of these arguments unnecessary, however, the Court will address also the other arguments of the parties' motions.

### *Fraud Claim*

Westfield argues that the fraud claim brought by Brumley against Dan K is not covered by the Policy because it qualifies as an "expected or intended" claim under the Policy, and is therefore excluded under the terms of the Policy. Westfield contends that the "specific intent" nature of fraud does not qualify it as an accident, and that the intent of such an action produces a

intended result that would make it excluded under the Policy. Further, Westfield argues that there is no "property damage" as defined and required by the Policy in order for Westfield to defend this claim. Dan K counters arguing that fraud does not always require a "specific intent" element, as one could act "reckless" and be found liable for fraud. Further, Dan K asserts that the "expected or intended" exception is inapplicable unless an insured specifically intends the injury that gives rise to the cause of action. The Policy under Section I, Coverage A, Part 2 "Exclusions," states that the insurer will not cover "Expected or Intended Injury" when:

> 'Bodily injury' or 'property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property.

Both parties have cited the Kentucky Supreme Court case of *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Insurance Co.*, 814 S.W.2d 273, 276-277 (Ky. 1991). In *Brown*, the Kentucky Supreme Court determined that:

> Summary judgment can be proper on any issue including state of mind questions such as intent and expectation. Generally when any claim has no substance or controlling facts are not in dispute, summary judgment can be proper. In this case, the record indicates that there are substantial disputed areas of fact including the factual question of intent. The record does not compel only one reasonable inference.

*Brown*, 814 S.W.2d at 276-77. The Court further states that when determining whether or not the "expected or intended" provision of an insurance policy excludes, the Court must look to see if the insured knew that the result or partial results would happen due to his/her conduct. *Id*. Dan K argues that the intent of the Defendant in this case when he inspected the home of Brumley was not intentional, but rather if he is found liable for fraud, it was recklessness on the part of Dan K. Dan K contends that "recklessness" is not addressed by the Policy and does not fall under the "expected or intended" exception. In Kentucky, to prove fraud, a plaintiff must satisfy

5

six (6) elements that include: "a) a material representation; b) which is false; c) known to be false or made recklessly; d) made with inducement to be acted upon; e) acted in reliance thereon; and f) causing injury. *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999)

    Brumley, in her complaint, alleges that the Defendants, in particular Dan Kazlauskas, "knew that the statements were false and misleading." Still, the Defendants argue that Dan K believed that the inspection he was making only covered an "insulation inspection," and not a full inspection as stated on the certificate he signed for Brumley. Dan K claims that these actions were "accidental" and not intentional, and therefore should be covered by the Policy. Westfield counters this argument claiming that there was no "property damage" to the property as required by the Policy because Brumley's complaint against Dan K seeks to recover from a financial loss as a result of Dan K's inspection of her property.[1] As mentioned *supra*, the Policy defines "property damage" as "physical injury to tangible property, including all resulting use of that property."

    In the instant matter, though the Policy in question does not address whether or not "reckless" intent would exclude coverage under the Policy, the act of fraud, whether done intentionally or recklessly, induces another to rely upon the statements or actions of the defendant. Unlike a claim for negligence, fraud requires a material misrepresentation. A material misrepresentation constitutes expected or intended conduct because of the fact that the defendant intends or expects to induce the other to abide by his/her statements or action. In applying *Brown*, Dan K knew that the results of his inspection of Brumley's home would induce

---

[1] The Policy states under Section I, Part 1(a) that Westfield will pay "sums that the insured becomes legally obligated to pay as damages because of...'property damage' to which this insurance applies."

her into buying it or not. As such, Dan K "expected or intended" the subsequent result of Brumley purchasing the home. If Dan K's actions were intentional or done recklessly, then the conduct is excluded under the Policy. However, if the conduct was mere negligence, the jury could not find for Brumley on the fraud claim. Further, as determined *supra*, Brumley did not sustain the requisite "property damage" necessary in order for the Policy to cover the conduct of Dan K. Therefore, this Court finds that the Policy does not cover the fraud claim brought against the Defendants by Brumley.

### *Breach of Contract & Negligence Claims*

Westfield contends that the Policy does not cover the breach of contract claim asserted by Brumley against Dan K because the Policy explicitly excludes it. Dan K counters that the claim asserted by Brumley against the Defendants, though categorized as a breach of contract claim by the heading, actually constitutes a negligence action. Dan K points to the language of the complaint filed by Brumley that states in Paragraph 49: "Defendant Dan J. Kazlauskas, as an employee and agent of Dan 'K' Service Co., breached that contract when he either negligently performed said inspection or failed to perform said inspection."

In the Policy under Section I, Coverage A, Part 2 "Exclusions," subheading "b" entitled "Contractual Liability" explicitly states:

> '[b]odily injury' or 'property damage' for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
> (1) That the insured would have in absence of the contract or agreement.

The Defendants argue that the language of the complaint sets forth a cause of action in negligence, and that this separate liability means that the contract exclusion of the Policy does not apply. In Kentucky, a negligence claim consists of: duty; a breach of that duty; and an injury

7

to the plaintiff. *Illinois Cent. R. R. v. Vincent,* 412 S.W.2d 874, 876 (Ky. 1967).

The Policy specifically excludes breach of contract claims and does not provide the coverage for contractual liability in this matter. Additionally, the contract exception of the Policy does not apply because Dan K would not have had these liabilities without the contract. However, in looking at the language of the complaint, the Court finds that Brumley did assert a claim against Dan K for negligence. Under the Kentucky Rules of Civil Procedure, Rule 8.01(1) merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief and...a demand for judgment for the relief to which he deems himself entitled." Further, the Sixth Circuit Court of Appeals, in *Minger v. Wilson*, explained that Courts must look "beyond labels [of a complaint] to the substance of the allegations." *Minger v. Green*, 239 F.3d 793, 799 (6th Cir. 2001). In *Minger*, the Court determined that even though the complaint labeled a claim for negligent performance, in actuality the complaint stated a claim for intentional misrepresentation.

In the instant matter, Brumley alleges that Dan K "negligently performed said inspection or failed to perform said inspection." Arguably, Dan K did owe a duty to Brumley when he inspected her home to provide her with a competent inspection. She alleges he breached this duty when he failed to do a thorough and complete inspection to find any faults. However, though Brumley claims she was injured after she found out she purchased a home that had already plumbing and sewage damage, as determined *supra*, such damage is not covered by the Policy.

As such, the Policy would not provide coverage to the insured for the negligence claim. Therefore, this Court finds that the Policy would not cover both a breach of contract claim

brought and the negligence claim brought against Dan K by Brumley.

### *Warranty/Representation Claim*

Westfield contends that the bulk of Brumley's complaint asserts a claim against Dan K for breach of warranty or representation based upon his services. Westfield argues that the Policy does not cover warranty or representation claims because general liability policies do not insure against faulty workmanship alone, but only faulty workmanship that causes bodily injury or property damage. *Dusel Builders Inc.*, 78 F.Supp.2d at 609. The Defendants have not addressed this matter in their response. In its reply, Westfield further argues that even if it is determined that there was property damage for purposes of the Policy, the warranty claim is still excluded under Exclusion 1, Section L of the Policy entitled "Damage to Your Work" because "your work" in the Policy includes "warranties or representations" under the Section 19 of the Definitions Section of the Policy.

As determined *supra*, this Court held Dan K had not caused property damage to Brumley's house through his work as applied to the Policy. As such, in this matter, any warranty or representation claim asserted against Dan K by Brumley would go to the quality of his workmanship, and not to any alleged damage to the property. In *Dusel Builders Inc.*, a case on point to this issue, the Court held that:

> claims arose from a contract dispute in which Smith alleges that Dusel is liable for faulty workmanship in the work product itself, not for bodily injury or property damage to something other than the work product. The CGL policy at issue does not cover the type of claims brought by Smith. Because no allegations of "property damage" as defined in the policy exist, Dusel is entitled to neither a continued defense nor indemnification from Assurance in its lawsuit with Smith.

*Dusel Builders Inc.* at 609. Therefore, the Policy would not cover the alleged claims resulting from Dan K;s faulty workmanship.

9

Further, even if property damages for purposes of the Policy exists, the warranty or representation claim would not be covered by the Policy. In a general liability insurance policy, a "your work" exclusion generally applies to the insured's work or work product. *Standard Const. Co., Inc. v. Maryland Cas. Co.*, 359 F.3d 846, 851-52 (6th Cir. 2004). Here, the Policy explicitly excludes coverage for "property damage" arising out of "your work" that results from a warranty or representation made regarding fitness, quality or performance, as stated under Exclusion 1, Section 1 and Section 19, Definitions. Therefore, this Court finds that the Policy would not cover a warranty or representation claim brought against the Defendants by Brumley

### *Punitive Damages*

In her complaint against Dan K, Brumley also seeks punitive damages because of a wanton and reckless disregard for her rights and safety. In its motion for summary judgment, Westfield claims that the Policy does not provide coverage for intentional acts, which includes punitive damages. Westfield does not cite a specific section of the Policy that states this, but it offers the case of *Kentucky Central Insurance Company v. Schneider*, 15 S.W.3d 373 (Ky. 2000) to support its position. The Defendants argue that the Policy does not mention punitive damages. The Defendants further contend that Brumley may recover punitive damages without Dan K having acted intentionally as the complaint filed by Brumley asks for punitive damages based upon the reckless actions of the Defendants, not intentional.

In *Schneider*, the Kentucky Supreme Court, in an opinion by Justice Cooper, determined that the insurance policy did not provide for punitive damages because of the intentional nature of act that coincides with the rewarding of punitive damages. *Schneider*, 15 S.W.3d at 374. In the instant matter, Brumley has requested punitive damages from Dan K based upon their

"wanton or reckless" behavior indicating that the punitive damages would stem from the fraud claim, which this Court has determined are not covered by the Policy. As such, punitive damages related to claim that has been excluded would also be excluded for coverage purposes. Therefore, this Court finds that the Policy does not cover the punitive damages claim brought against the Defendants by Brumley.

## CONCLUSION

For the foregoing reasons, Westfield's Motion for Summary Judgment is **GRANTED in part** and **DENIED in part.**

An appropriate order shall issue.